IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY LEE, #184070, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-cv-584-WKW |
| ) | [WO] |
| ) | |
| DR. DARBOUZE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint and amendments thereto filed by Gregory Lee ("Lee"), a frequent litigant presently incarcerated at the Easterling Correctional Facility. In the instant complaint, as amended, Lee challenges the constitutionality of medical treatment provided to him over the past few weeks for various ailments including a stomach infection, blood in his stool/urine, chest pain, slight swelling of his forearms, pain in his left arm, swollen testicles and an issue with his hernia.

**II. DISCUSSION**

Upon initiating this case, Lee did not pay the $350.00 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis*. In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or

submit an application to proceed *in forma pauperis*. However, Title 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

The records of this court establish that Lee, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Lee v. Haley*, Civil Action No. 2:00-cv-985-MHT (M.D. Ala. 2000); (2) *Lee v. Haley*, Civil Action No. 2:02-cv-1343-WHA (M.D. Ala. 2003); and (3) *Lee v. Holt*, Case No. 2:03-cv-1055-ID (M.D. Ala. 2003).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

In the instant case, Lee alleges that medical personnel have acted with deliberate indifference to his medical needs by failing to refer him to a free world physician for evaluation and denying him medication he deems necessary for treatment of his conditions. Lee also complains that correctional officials have been lax in providing him access to the infirmary for treatment. The medical records submitted by Lee as an amendment to his complaint do not support his allegations and, in actuality, disprove the claims raised in the complaint. *Second Amendment to the Complaint - Court Doc. No. 7* at 2-14. Specifically, these records demonstrate that Lee freely submitted sick call requests, health care personnel routinely reviewed Lee's requests for medical evaluation regarding his myriad of physical complaints, evaluated his complaints, conducted physical examinations of Lee when necessary, performed an EKG upon his complaint of chest pain, obtained an X-ray of his left arm, and prescribed various medications in an effort to treat Lee's stomach ailment and his complaints of pain and swelling. *Id*. The EKG indicated normal cardiac activity, *Id*. at 3, and the X-ray showed no fracture or other issue with Lee's left forearm. *Id*. at 7, 9. Dr. Darbouze also scheduled Lee an appointment for a needle aspiration of a hydrocele on his right testicle, a probable cause of the pain/swelling in this area. *Id*. at 9. In addition, on June 17, 2014, Lee refused all of the medication prescribed for his abdominal issues, *Id*. at 13, and, on June 19, 2014, waived his scheduled appointment with medical personnel for evaluation of complaints regarding a stomach infection, a problem with his hernia and blood in his urine/stool. *Id*. at 11.

The medical records contained in the amendment to the complaint demonstrate that Lee has the right to request medical treatment at any time during his incarceration. It is likewise clear that Lee routinely seeks and receives medical treatment for his complaints. However, the course of medical treatment undertaken is not governed by Lee's mere request or desire for treatment but is instead provided in accordance with the professional judgment of health care personnel upon their assessment of his condition.

After thorough review of the complaint and the medical records contained in the amendment to the complaint, the court finds that Lee fails to demonstrate that he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C.§ 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"). Thus, if Lee sought leave to proceed *in forma pauperis* he would not be allowed to do so.

Based on the foregoing, the court concludes that this case is due to be summarily dismissed without prejudice as Lee failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for

the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 22, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE